UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 03-4106

JOESTILLES DEMARCO BROOKS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-02-92-ALL)

Submitted: November 6, 2003

Decided: November 24, 2003

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas J. Gillooly, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joestilles Demarco Brooks appeals his jury conviction for conspiracy to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 846 (2000) and his 360-month term of imprisonment. We affirm.

Brooks first contends that the district court erred in refusing to submit his jury instruction regarding multiple conspiracies to the jury. Brooks's proposed instruction informed the jury that even if it found Brooks was a member of another on-going conspiracy, it could not return a verdict of guilty unless it found Brooks was a member of the conspiracy charged in the indictment. The district court found that Brooks's instruction was not necessary because the evidence established neither separate drug conspiracies nor an illegal gambling conspiracy in which Brooks testified he was involved.

We review the denial of a proposed jury instruction for an abuse of discretion. *United States v. Seidman*, 156 F.3d 542, 551 (4th Cir. 1998), but we review the trial court's decision not to instruct the jury regarding multiple conspiracies for clear error. *United States v. Mills*, 995 F.2d 480, 485 (4th Cir. 1993). We find the district court did not clearly err in refusing to instruct on multiple conspiracies. *See United States v. Howard*, 115 F.3d 1151, 1157 (4th Cir. 1997); *United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir. 1994). Likewise, the court's instruction did not prevent Brooks from presenting his theory of the case.

Brooks next claims the court constructively amended his indictment in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it instructed the jury that the evidence need not establish a specific amount or quantity of a controlled substance, but only that Brooks conspired to distribute more than fifty grams of cocaine base, or "at least" fifty grams of cocaine base. Because Brooks did not object to the court's instruction at trial, we review his claim for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-37 (1993).

We find no such error. While the indictment stated that Brooks conspired with intent to distribute "more than 50 grams of cocaine base" rather than "at least" fifty grams, the court's instruction was fully in keeping with 21 U.S.C. § 841(b)(1)(A)(iii) (2000). Moreover, the Government established by "overwhelming and essentially uncontroverted," evidence, *see United States v. Cotton*, 535 U.S. 625, 633 (2002) (internal quotation marks omitted), that Brooks was responsible for between 500 grams to 1.5 kilograms of cocaine base during the course of the conspiracy. Thus, variation between the indictment and court's instruction did not affect Brooks's substantial rights. Even if there were error, we conclude it did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding.

Accordingly, we affirm Brooks's conspiracy conviction and his sentence. We deny Brooks's motions for leave to file two pro se supplemental briefs because he is represented by counsel who has fully briefed his appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*